PER CURIAM
 

 Relator John Esteen, along with 22 others, was charged with several drug and racketeering offenses committed in 1998 and 1999. Relator was ultimately found guilty of two counts of possession of cocaine over 400 grams, conspiracy to possess cocaine over 400 grams, and attempted possession of cocaine over 400 grams. The district court sentenced him to consecutive terms of imprisonment at hard labor totaling 150 years. His convictions and sentences were affirmed on appeal.
 
 State v. Esteen
 
 , 01-0879 (La. App 5 Cir. 5/15/02),
 
 821 So.2d 60
 
 ,
 
 writ denied
 
 , 02-1540 (La. 12/13/02),
 
 831 So.2d 983
 
 .
 

 In 2016, relator filed a motion to correct illegal sentences seeking the benefit of more lenient penalty provisions that were enacted by the legislature in
 
 2001 La. Acts 403
 
 (effective June 15, 2001), which the legislature later declared in La.R.S. 15:308(B) (effective May 16, 2006) "shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced" in accordance with enumerated provisions, including those pursuant to which relator was sentenced on three counts. The district court denied the motion and the court of appeal denied writs, relying on
 
 State v. Dick
 
 , 06-2223 (La. 1/26/07),
 
 951 So.2d 124
 
 .
 

 In
 
 State v. Dick
 
 , this court was faced with an apparent conflict between La.R.S. 15:308(B) and (C) because the former mandated retroactive application of reduced penalties to offenders already sentenced while the latter entitled offenders to seek the benefit of the ameliorative sentencing provisions from the Louisiana Risk Review Panel.
 
 Dick
 
 , 06-2223, pp. 9-10,
 
 951 So.2d at 130-31
 
 . In light of this conflict, the court considered whether La.R.S. 15:308(B) granted district courts the authority to modify previously imposed sentences by mandating retroactive application of the reduced penalty provisions. A majority of the court found that resentencing an offender in order to retroactively apply the more lenient penalty provisions to an offender whose conviction and sentence are final would be, in effect, commutation of a legal and final sentence.
 
 Dick
 
 , 06-2223, pp. 12-13,
 
 951 So.2d at 132
 
 . The
 
 Dick
 
 majority further found that the power of commutation falls exclusively within the executive branch of government.
 

 Id.
 

 , 06-2223, p. 13,
 
 951 So.2d at 132
 
 . Therefore, the majority determined that the legislature, which is aware of the constitutional separation of powers, did not intend for La.R.S. 15:308(B) to confer that authority on the district courts, and the majority further found that an offender's exclusive remedy was to apply to the Louisiana Risk Review Panel pursuant to former La.R.S. 15:308(C).
 
 Dick
 
 , 06-2223, pp. 13-15,
 
 951 So.2d at 132-33
 
 . After
 
 Dick
 
 , the legislature repealed La.R.S. 15:308(C) and eliminated the Louisiana Risk Review Panel in
 
 2012 La. Acts 123
 
 . Then, in
 
 2014 La. Acts 340
 
 , the legislature reenacted La.R.S. 15:308(C) so that it now provides: "Such persons shall be entitled to apply to the committee on parole pursuant to R.S. 15:574.2."
 

 Thus, after the reenactment, the interpretative problem posed by the apparent conflict between La.R.S. 15:308(B) and (C) remains. Specifically, La.R.S. 15:308(B) mandates that the ameliorative provisions shall apply retroactively to offenders who are already sentenced while La.R.S. 15:308(C) entitles an offender to apply to the committee on parole, which will, "taking into consideration the risk of danger the applicant would pose to society if released from confinement," issue a recommendation to the Board of Pardons regarding
 "
 
 whether
 
 the applicant is eligible for a reduction." La.R.S. 15:574.2(I)(1) (emphasis added).
 

 Relator contends that La.R.S. 15:308(A) and (B)
 
 [1]
 
 render his sentences for possession of cocaine over 400 grams and attempted possession of cocaine over 400 grams illegal. Relator seeks correction of what he characterizes as now illegal sentences pursuant to La.C.Cr.P. art. 881.5, which provides, "On motion of the state or the defendant, or on its own motion, at any time, the court may correct a sentence imposed by that court which exceeds the maximum sentence authorized by law." The state contends that defendant is not entitled to be resentenced and his only avenue for relief is through the committee on parole in accordance with La.R.S. 15:308(C) in conjunction with La.R.S. 15:574.2(I)(1).
 

 This court erred in
 
 State v. Dick
 
 to the extent we resolved the tension between these provisions by finding that the
 
 only
 
 avenue to gain the benefit of the more lenient penalty provisions retroactively is by application to the Risk Review Panel at that time (subsequently amended to authorize application to the committee on parole). Instead, we find these provisions can be harmonized in a way that avoids the separation of powers problem on which the holding of
 
 Dick
 
 depended.
 

 In
 
 Dick
 
 , the majority equated the judicial amendment of a final sentence in accordance with a retroactive legislative act to "allow[ing] the judiciary to exercise the power of commutation."
 
 Dick
 
 , 16-2223, p. 12,
 
 951 So.2d at 132
 
 . That conclusion, however, failed to take into account three principles. First, that it is the legislature's "exclusive authority to determine length of punishment for crimes classified as felonies."
 
 Bosworth v. Whitley
 
 ,
 
 627 So.2d 629
 
 , 633 (La. 1993). Second, that "[o]ne of the traditional, inherent and exclusive powers of the judiciary is the power to sentence.... [T]he fixing of penalties is purely a legislative function, but the trial judge has the discretion to determine the appropriate sentence
 
 within the sentencing range fixed by the legislature
 
 ."
 
 State v. Rome
 
 , 96-0991, pp. 3-4 (La. 7/1/97),
 
 696 So.2d 976
 
 , 978 (emphasis added, internal citations and footnote omitted). Third, because the provisions of the
 Louisiana Constitution are not grants of power but instead are limitations on the otherwise plenary power of the people, exercised through the legislature, the legislature may enact any legislation that the constitution does not prohibit.
 
 M.J. Farms, Ltd. v. Exxon Mobil Corp.
 
 , 07-2371, p. 21 (La. 7/1/08),
 
 998 So.2d 16
 
 , 31.
 

 While the power of commutation is bestowed on the executive branch,
 
 [2]
 
 "[a] pardon is a matter of grace from the state and a function of the executive branch of government, not subject to limitation or control from the other branches."
 
 Bryant v. Louisiana State Pardon Bd.
 
 ,
 
 378 So.2d 180
 
 , 181 (La. App. 1 Cir. 1979). In addition, there are no restrictions on the exercise of the executive's traditional prerogative to ameliorate harsh penalties
 
 otherwise provided by law
 
 for offenders who have proved their ability to rehabilitate in a custodial environment."
 
 Bosworth
 
 ,
 
 627 So.2d at 633
 
 (emphasis added).
 

 Here, the legislature, "[i]n the interest of fairness in sentencing," declared in La.R.S. 15:308(B) its intention that the more lenient penalty provisions be applied retroactively to those persons "who were sentenced according to [listed provisions, including La.R.S. 40:967(F)(1) ] prior to June 15, 2001, provided that such application ameliorates the person's circumstances." The declared interest in fairness in sentencing is not equivalent to a matter of grace,
 
 [3]
 
 and nothing in La.R.S. 15:308 limits or controls the executive branch's exercise of its prerogatives. Instead, the legislature exercised its exclusive authority to determine the length of punishment for crimes classified as felonies, and further declared those more lenient penalties shall be applied retroactively to those already sentenced. Nothing in the constitution prohibits the legislature from enacting more lenient penalty provisions and declaring they be applied retroactively in the interest of fairness in sentencing.
 

 At the time relator committed the offenses of possession of cocaine over 400 grams and attempted possession of cocaine over 400 grams, the penalty provisions required that relator be sentenced to terms of imprisonment at hard labor for not less than 30 years and not more than 60 years, and not more than 30 years, respectively.
 
 See
 

 Esteen
 
 , 01-0879, pp. 25-26,
 
 821 So.2d at 76
 
 . Relator was sentenced to 50 years imprisonment at hard labor for each count of possession, and to 25 years imprisonment at hard labor for attempted possession. In 2001, La.R.S. 40:967(F)(1)(c) was amended to reduce the penalty for possession of cocaine over 400 grams to 15 to 30
 years (and thereby reduce the penalty for the attempted offense to not more than 15 years. Therefore, three of relator's sentences are for terms of imprisonment that are no longer authorized by law.
 

 Under Louisiana law, the term "illegal sentence" is "primarily restricted to those instances in which the term of the prisoner's sentence is not authorized by the statute or statutes which govern the penalty for the crime of conviction."
 
 Montgomery v. Louisiana
 
 , 577 U.S. ----, ----,
 
 136 S.Ct. 718
 
 , 726,
 
 193 L.Ed.2d 599
 
 (2016) (internal quotes omitted) (quoting
 
 State v. Mead
 
 , 14-1051, p. 3 (La. App. 4 Cir. 4/22/15),
 
 165 So.3d 1044
 
 , 1047 ). Because three of relator's sentences are for terms of imprisonment that are no longer authorized by law, and a more lenient penalty provision applies retroactively in accordance with La.R.S. 15:308(B), relator's remedy is by resentencing in the district court pursuant to his motion to correct illegal sentences.
 
 [4]
 
 Accordingly, we reverse the district court's denial of relator's motion and remand for resentencing on these three counts pursuant to the more lenient penalty provisions that were enacted by the legislature in
 
 2001 La. Acts 403
 
 , which the legislature later declared in La.R.S. 15:308(B) apply retroactively under the circumstances enumerated in that section.
 

 REVERSED AND REMANDED
 

 JOHNSON, Chief Justice, additionally concurs and assigns reasons.
 

 WEIMER, Justice, dissents and assigns reasons.
 

 GUIDRY, Justice, dissents.
 

 CLARK, Justice, dissents for reasons assigned by Justice Weimer and assigns additional reasons.
 

 CRICHTON, Justice, additionally concurs and assigns reasons.
 

 JOHNSON, C.J. additionally concurs and assigns reasons.
 

 I fully agree with the majority opinion, which correctly overrules this court's opinion in
 
 State v. Dick
 
 , 06-2223 (La. 1/26/07),
 
 951 So.2d 124
 
 . I dissented in
 
 Dick
 
 , believing the majority in that case ignored a clear mandate from the legislature. The majority in this case now corrects that error.
 

 As I explained in my dissent in
 
 Dick
 
 , the legislature clearly expressed its intent in La. R.S. 15:308(B) by stating that, in the interest of fairness in sentencing, the more lenient penalty provisions
 
 shall
 
 apply to persons who were sentenced prior to June 15, 2001.
 
 951 So.2d at 134
 
 (Johnson, dissenting). The majority in this case correctly interprets the provisions in La. R.S. 15:308(B) and (C) to reach the result intended by the legislature. To hold defendant was limited to seeking relief from the committee on parole pursuant to La. R.S. 15:308(C), as suggested by the state, would create a completely discretionary system of implementation. The committee on parole
 is not required to apply the ameliorative provisions. Rather, the committee is directed to evaluate La. R.S. 15:308 applications and, "taking into consideration the risk of danger the applicant would pose to society if released from confinement," issue recommendations to the Board of Pardons regarding "whether the applicant is eligible for a reduction," as if La. R.S. 15:308 regulated parole eligibility, rather than mandatory retroactively reduced sentencing ranges.
 

 The majority's opinion in this case is also consistent with the underlying reasoning of this court in
 
 State v. Mayeux
 
 , 01-3195 (La. 6/21/02),
 
 820 So.2d 526
 
 . In
 
 Mayeux
 
 , defendant was arrested and charged with a violation of La. R.S. 14:98(E), DWI fourth offense. Subsequent to defendant's arrest, the legislature amended the statute's sentencing provisions, radically changing the way in which the offender serves the sentence imposed by the court. This court held that the district court erred in sentencing the defendant under the penalty provisions as they existed at the time of the defendant's DWI offense, rather than at the time of his conviction. In so doing, this court reasoned that although Louisiana courts have generally held that the law in effect at the date of the offense should control, the statutory language and legislative purpose behind the statutory amendment of La. R.S.14:98(G) dictated that the amendment be applied to those defendants having committed an offense prior to the effective date of the amendment.
 
 820 So.2d at 529
 
 . Additionally, this court recognized the amendment was passed "in an effort to address the societal costs of drunken driving and a high per capita prison population."
 

 Id.
 

 at 527
 
 . Similarly, in this case, the language in La. R.S. 15:308(B) clearly directs when the amended penalty provisions are applicable by mandating they be applied retroactively to those offenders already sentenced. Further, in my view, the ameliorative amendments represent a significant shift in policy relative to drug offenses in this state and demonstrate that the legislature has chosen to impose more lenient sentencing provisions. The legislative enactment of La. R.S. 15:308(B) addressed the inequity between penalties for identical offenses committed before and after the amendments went into effect, by giving offenders who received the harsher sentences the opportunity to have their sentences reduced in accordance with the ameliorative legislation.
 
 See
 

 Dick
 
 ,
 
 951 So.2d at 135
 
 (Johnson, dissenting).
 

 When courts impose sentences exceeding the express sentencing provisions-either by mistake or, as in this case, because of a retroactive legislative mandate-the sentence must be considered illegal and courts are duty-bound to correct those sentences. Because defendant's sentences now exceed those set forth by the legislature, his sentences must be considered illegal and subject to correction by the courts. For these reasons and the reasons assigned by the majority, I find that defendant and other similarly-situated inmates are entitled to seek relief through the courts.
 

 These sections now provide:
 

 A. (1) The legislature hereby declares that the provisions of Act No. 403 of the 2001 Regular Session of the Legislature provided for more lenient penalty provisions for certain enumerated crimes and that these penalty provisions were to be applied prospectively.
 

 (2) The legislature hereby further declares that Act No. 45 of the 2002 First Extraordinary Session of the Legislature revised errors in penalty provisions for certain statutes which were amended by Act No. 403 of the 2001 Regular Session of the Legislature and that these revisions were to be applied retroactively to June 15, 2001, and applied to any crime committed subject to such revised penalties on and after such date.
 

 B. In the interest of fairness in sentencing, the legislature hereby further declares that the more lenient penalty provisions provided for in Act No. 403 of the 2001 Regular Session of the Legislature and Act No. 45 of the 2002 First Extraordinary Session of the Legislature shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced according to the following provisions: R.S. 14:56.2(D), 62.1(B) and (C), 69.1(B)(2), 70.1(B), 82(D), 91.7(C), 92.2(B), 92.3(C), 106(G)(2)(a) and (3), 106.1(C)(2), 119(D), 119.1(D), 122.1(D), 123(C)(1) and (2), 352, and 402.1(B), R.S. 15:529.1(A)(1)(b)(ii) and (c)(ii), 1303(B), and 1304(B), R.S. 27:262(C), (D), and (E), 309(C), and 375(C), R.S. 40:966(B), (C)(1), (D), (E), (F) and (G), 967(B)(1), (2), (3), and (4)(a) and (b), and (F)(1), (2), and (3), 979(A), 981, 981.1, 981.2(B) and (C), and 981.3(A)(1) and (E), and Code of Criminal Procedure Article 893(A) prior to June 15, 2001, provided that such application ameliorates the person's circumstances.
 

 See
 
 La. Const. art. 4, § 5 (E)(1) ("The governor may grant reprieves to persons convicted of offenses against the state and, upon favorable recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses.");
 
 see also
 
 La.Const. art. II, § 2 ("Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.").
 

 Cf.
 

 Way v. Superior Court
 
 ,
 
 74 Cal.App.3d 165
 
 , 177,
 
 141 Cal.Rptr. 383
 
 , 391 (Ct. App. 3 Dist. 1977) ("We note that the motivation behind section 1170.2 is not consistent with commutation. The Legislature's objective, admittedly one within its power, is to restructure punishments for criminal conduct and to make them uniform to the extent reasonably possible. Having accomplished this as to future offenders, it then sought to avoid a condition which it deemed both undesirable and inconsistent with the concept of uniformity, that felons concurrently serving sentences for identical offenses be subject to disparate terms solely because of the time when they committed their crimes. It undertook no act of mercy, grace, or forgiveness toward past offenders, such as characterizes true commutations.").
 

 In fact, it appears that the legislature has created two distinct avenues for relief. First, as in this case, when an offender's sentence exceeds the maximum sentence allowed under the new penalty provisions, then that sentence is truly illegal and must be corrected by the district court. Second, when a sentence falls within the ranges of both the harsher and more lenient penalty provision (e.g. an individual sentenced to 15 years imprisonment for a crime that initially carried a range of 15-30 years, and where the ameliorated range falls between 0-15 years), that sentence is not illegal and that offender's avenue for relief is by application to the committee on parole pursuant to La.R.S. 15:308(C), through which, as we found in
 
 State v. Dick
 
 , "the legislature is suggesting to the executive branch that it should consider these ameliorative sentencing provisions when reviewing the offenders' applications ...."
 

 Id.
 

 , 06-2223, p. 14,
 
 951 So.2d at 133
 
 .