# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

VERNON KARL MITCHELL

NO. 2019 KW 1136

.OCT 1 8 2019

---

In Re:   State of Louisiana, applying for supervisory writs, 16th Judicial District Court, Parish of St. Mary, No. 95-142493.

---

**BEFORE:   McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**WRIT DENIED.**

**PMc**
**GH**

**Welch, J.,** concurs.   The sentence reductions in 2001 La. Acts No. 403 and 2002 La. Acts No. 45, are expressly retroactively applicable to a defendant who committed an offense prior to 2001.   See La. R.S. 15:308.   Respondent committed the instant offense in 1995 and was sentenced to life imprisonment as a third-felony habitual offender pursuant to La. R.S. 15:529.1(A)(1)(b)(ii).   Under the amended version of La. R.S. 15:529.1(A)(1)(b)(ii), however, only if the third felony and the two prior felonies were crimes of violence, a sex offense, or violations of the controlled dangerous substance law punishable by imprisonment for ten years or more or any other crime punishable by imprisonment for twelve years or more, is a life sentence mandatory.   Only respondent's instant offense was a crime of violence and none of the other parts of the statute applied to him.   Accordingly, respondent's life sentence as a third-felony habitual offender is for a term longer than authorized by law.   See La. Code Crim. P. art. 881.5; **State ex rel. Esteen v. State,** 2016-0949 (La. 1/30/18), 239 So.3d 233, 238 (per curiam).   Moreover, there is no indication by the legislature that in enacting Subsection K of La. R.S. 15:529.1, it intended to repeal La. R.S. 15:308 in part.   There is no merit to relator's argument that 2018 La. Acts No. 542, §1, which added Subsection K to La. R.S. 15:529.1, implicitly repealed La. R.S. 15:308 in part (ameliorative penalty provision).

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT