Judgment rendered November 17, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,117-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

LONZETTE K. GADDIS                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 209037

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Paula C. Marx

LONZETTE K. GADDIS                     Pro Se

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
ALEXANDRA L. PORUBSKY
Assistant District Attorneys

* * * * *

Before GARRETT, ROBINSON, and HUNTER, JJ.

**HUNTER, J.**

The defendant, Lonzette Gaddis, was indicted for second degree murder. In October 2001, after a jury trial, defendant was found guilty of the responsive verdict of manslaughter, a violation of La. R.S. 14:31. The trial court adjudicated defendant a fourth felony offender and imposed the statutory minimum sentence of life imprisonment without benefit of parole, probation or suspension of sentence. The conviction and sentence were affirmed on appeal. *State v. Gaddis*, 36,661 (La. App. 2 Cir. 3/14/03), 839 So. 2d 1258, *writ denied*, 2003-1275 (La. 5/14/04), 872 So. 2d 519.

In May 2019, defendant's motion to correct an illegal sentence was denied and he filed a writ application. This court granted the writ in part and remanded for resentencing by the trial court to delete the denial of parole eligibility. On remand, the trial court resentenced defendant to life imprisonment with the eligibility for parole, but without benefit of probation or suspension of sentence. Defendant appeals his sentence as excessive. For the following reasons, we affirm the conviction and sentence.

## FACTS

The record shows defendant shot and killed the victim following an argument in June 2000. A detailed summary of the facts is provided in *State v. Gaddis, supra*. Defendant was indicted for second degree murder and after a jury trial, he was found guilty of the responsive verdict of manslaughter. The trial court adjudicated defendant a fourth felony offender and imposed the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence. Subsequently, defendant filed a motion to correct an illegal sentence based on legislative amendments to a number of sentencing statutes and citing *State ex rel. Esteen v. State*, 2016-

0949 (La. 1/30/18), 239 So.3d 233. After the trial court denied the motion, defendant filed a writ application.

In considering the writ, this court noted La. R.S. 15:529.1(A)(1)(c)(ii) was amended to provide a mandatory life sentence for an offender whose fourth felony conviction and two prior convictions were defined as a crime of violence, certain sex offenses, drug offenses punishable by 10 or more years or any crime punishable by 12 or more years. This court found under *Esteen, supra*, the 2001 ameliorative amendments applied to defendant's adjudication such that subsection 529.1(A)(1)(c)(ii) was no longer applicable to him based on his conviction for a crime of violence and one qualifying drug offense. This court further found defendant should have been adjudicated and sentenced under La. R.S. 15:529.1(A)(1)(c)(i), which provided a person shall be sentenced for the fourth felony to imprisonment for a term of not less than the longest for a first conviction and not more than life. As a result, this court concluded defendant's sentencing exposure was 40 years to life.

Citing *Esteen*, this court denied the writ in part, finding the life sentence imposed fell within the range of both the harsher and more lenient penalty provisions and was not illegal. However, based on the finding defendant should have been sentenced under statutes which did not contain parole restrictions, this court reversed the denial of defendant's motion to correct an illegal sentence in part and remanded for resentencing under the more lenient sentencing provisions to delete the denial of parole eligibility.

On remand, the trial court resentenced defendant to life imprisonment with the eligibility for parole, but without benefit of probation or suspension of sentence. The trial court denied the state's motion to correct an illegal

2

sentence. This court denied the state's writ application seeking review of the denial of the motion. Defendant's motion to reconsider sentence and application for post-conviction relief (PCR) seeking an appeal were denied. This court granted defendant's writ application and remanded the matter for perfection of an appeal of the resentencing. This appeal followed.

## DISCUSSION

Defendant contends the trial court erred in resentencing him to life imprisonment on remand. Defendant argues the trial court abused its discretion in imposing a life sentence without adequately considering the La. C.Cr.P. art. 894.1 sentencing guidelines.

As stated above, in Acts 2001, 403 (effective June 15, 2001), La. R.S. 15:529.1(A)(1)(c)(ii) was amended to provide a mandatory life sentence without benefit of parole, probation or suspension of sentence for an offender whose fourth felony conviction and two prior convictions were defined as a crime of violence, certain sex offenses, drug offenses punishable by 10 years or more, or any crime punishable by 12 years or more or any combination of such crimes. In *Esteen, supra*, the court held, pursuant to La. R.S. 15:308, an offender may seek resentencing under the more lenient penalty provisions by motion to correct an illegal sentence.

In considering defendant's writ seeking review of the denial of his motion to correct an illegal sentence, this court determined the amended version of R.S. 15:529.1(A)(1)(c)(ii) did not apply to him because he did not have two qualifying prior felony convictions in addition to his crime of violence conviction. However, in reviewing this matter on appeal, we conclude our prior determination was incorrect. As the state points out in its brief, the requirements for imposition of the mandatory life sentence under

3

R.S. 15:529.1(A)(1)(c)(ii) have been satisfied by the combination of defendant's conviction for manslaughter, a crime of violence, with his prior convictions of distribution of a controlled dangerous substance, with a sentencing range of 2 to 30 years, and simple burglary of an inhabited dwelling, with a sentencing range of 1 to 12 years.

Where there is a mandatory sentence provided by statute, the trial court does not need to justify under Article 894.1 a sentence which it is legally required to impose. *State v. Allen*, 50,703 (La. App. 2 Cir. 8/10/16), 200 So. 3d 376, *writ denied*, 2016-1734 (La. 9/6/17), 224 So. 3d 981. Here, the life sentence was mandatory and the trial court was not required to consider the Article 894.1 factors. Thus, defendant's argument the trial court erred in failing to particularize the sentence lacks merit.

Defendant also contends the trial court erred in imposing an excessive life sentence. He argues the record supports the imposition of a less harsh sentence.

A sentence violates La. Const. art. I, § 20, when it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Boehm*, 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596.

The habitual offender statute has been previously upheld as constitutional. Since the entire statute is constitutional, the minimum sentences it imposes on recidivists are presumed to be constitutional. While the judiciary is not without authority to declare a mandatory minimum sentence under the habitual offender law excessive based on the facts of a

4

particular case, this should be done only in those rare instances where there is clear and convincing evidence to rebut the presumption of constitutionality. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So. 2d 672.

To successfully rebut the presumption of the mandatory minimum sentence as constitutional, an offender has the burden to clearly and convincingly show he is exceptional, which in this context means because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences which are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case. In determining whether defendant has met this burden, the trial court must consider the goals of the habitual offender statute to deter and punish recidivism. *State v. Johnson, supra*; *State v. Gaddis, supra*.

In this case, based on the nature of defendant's prior convictions, the life sentence imposed was the mandatory sentence for a fourth felony offender under La. R.S. 15:529.1(A)(1)(c)(ii). On appeal, defendant mainly claims the sentence is excessive because of his relative youth at the time he committed the prior offenses. However, we note defendant was a 25-year-old adult in 1997 when he pled guilty to unauthorized entry of an inhabited dwelling after being charged with aggravated battery.

The record shows previous sentences did not deter defendant from committing other crimes. Further, defendant continued his criminal activity over a number of years until he took another person's life.

Defendant has not offered any evidence to satisfy his burden of showing an unusual circumstance or to show he is the "exceptional" defendant for whom a downward departure from the mandatory minimum

5

sentence is required. Based upon this record, the sentence imposed is not excessive. Thus, defendant's argument lacks merit.

The state contends in its brief the sentence of life with the eligibility of parole is illegally lenient. The state asserts the sentence should be amended without remand.

An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C.Cr.P. art. 882. However, this court is not required to take such action. *State v. Dock*, 49,784 (La. App. 2 Cir. 6/3/15), 167 So. 3d 1097.

We note the trial court expressly provided for parole eligibility in imposing sentence and did not simply omit the statutory limitation on parole. The state did not file an appeal or answer defendant's appeal raising the issue of an illegally lenient sentence. Since the state did not appeal the sentence, we decline to make any correction of the alleged sentencing error.

## CONCLUSION

For the foregoing reasons, the defendant's conviction and sentence are affirmed.

**AFFIRMED.**