Judgment rendered June 29, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,581-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CEDRIC CHARLES O'NEAL                       Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 198,597

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISANA APPELLATE PROJECT              Counsel for Appellant
By: Peggy J. Sullivan

CEDRIC CHARLES O'NEAL                   Pro Se

JAMES E. STEWART, SR.                   Counsel for Appellee
District Attorney

LAURA O. WINGATE FULCO
ALEX L. PORUBSKY
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *

Before PITMAN, THOMPSON, and MARCOTTE, JJ.

**THOMPSON, J.**

Cedric Charles O'Neal was sentenced as a third felony habitual offender to life in prison in 1999 for vehicular homicide. In 2001, the Louisiana legislature enacted more lenient sentencing guidelines for habitual offenders. Subsequently, pursuant to the 2006 action by the Louisiana legislature relative to La. R.S. 15:308 and jurisprudence from the Louisiana Supreme Court in 2018, the more lenient considerations for sentencing were held to apply retroactively to habitual offenders sentenced prior to 2001. In 2018, O'Neal filed a motion to correct an illegal sentence, citing entitlement to the retroactive application of the more lenient sentencing guidelines. Finding error by the trial court in determination of O'Neal's level of classification as a habitual offender, as well as error as to the applicable sentencing range for the crime of which he was convicted, we vacate his sentence and remand to the trial court with instructions.

## FACTS

On October 17, 1998, Cedric Charles O'Neal ("O'Neal") was tailgating outside a football game at the Fairgrounds Stadium in Shreveport, Louisiana. He was drinking alcohol and smoking marijuana before getting into a friend's car to leave the tailgate to get something to eat. While he was driving, the car in front of him stopped to let pedestrians from the game cross Greenwood Road, and O'Neal swerved around the car at a high rate of speed. O'Neal drove into the crowd of pedestrians and clipped Sandra Lewis, knocking her back toward the curb. She survived. O'Neal hit Robin Barrett ("Barrett") with the vehicle head-on, and she was tragically killed as a result. O'Neal was arrested and registered .112% on a Breathalyzer administered at the time, which was above the legal limit. A

later blood test revealed a blood alcohol content of .11%, and a urine test also revealed the presence of marijuana in his body. A more detailed factual recitation of the events that evening can be found in this court's prior opinion at *State v. O'Neal*, 34,814 (La. App. 2 Cir. 10/12/01), 795 So. 2d 1292, *writ denied*, 01-3207 (La. 11/1/02), 828 So. 2d 564, which also analyzed the underlying facts of O'Neal's conviction and resulting sentence.

**PROCEDURAL HISTORY**

O'Neal was charged by bill of information on December 14, 1998, with the vehicular homicide of Robin Barrett in violation of La. R.S. 14:32.1. After a jury trial, O'Neal was found guilty and sentenced to life imprisonment at hard labor after being adjudicated as a third felony offender. On appeal, this court affirmed his conviction and his adjudication as a third felony offender but vacated his sentence and remanded the matter to the trial court for resentencing as a result of constitutional issues raised in that appeal. *O'Neal*, *supra*. O'Neal's convictions in his late teens of simple burglary and possession of cocaine were the two underlying felony convictions that elevated him to a third felony habitual offender when he was sentenced for the vehicular homicide charge. On remand, he was again sentenced by the trial court to life imprisonment as a third felony offender, which O'Neal appealed. The life imprisonment sentence was later affirmed by this court. *State v. O'Neal*, 36,431 (La. App. 2 Cir. 10/23/02), 830 So. 2d 408.

In 2001, the Louisiana legislature modified the severity of the sentencing ranges for habitual offenders via Act 403 of the 2001 Regular Session of the Legislature. In 2006, the Louisiana legislature enacted La. R.S. 15:308, which provides for retroactive application of the more lenient

penalty provisions under La. R.S. 15:529.1.  The Louisiana Supreme Court, in *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So. 3d 233, held that La. R.S. 15:308 permits defendants to seek reduced sentences through a motion to correct illegal sentence.

On May 18, 2018, O'Neal filed a motion to correct illegal sentence in relation to his latest resentencing, citing entitlement to more lenient sentencing considerations as directed by *Esteen*, *supra*.  This court granted a writ of mandamus on May 29, 2019, ordering the trial court to inform O'Neal whether there was a pending filing, whether the filing had been acted upon, and to enter a dispositive order within 30 days.  O'Neal filed another motion to correct illegal sentence on May 30, 2019.  This court later granted O'Neal's motion to enforce the May 29, 2019 order.

In an August 22, 2019 ruling, the trial court granted O'Neal's motion to correct an illegal sentence, asserting that O'Neal should have been sentenced as a **second felony offender**, because the cocaine possession charge against him had been dismissed by the prosecution on February 4, 1993.  The trial court stated that it attached the court minutes evidencing the dismissal to the ruling, but the record does not include those referenced minutes.  It stated that O'Neal should have been sentenced pursuant to La. R.S. 15:529.1(A)(1),[1] and therefore, his sentencing range would be

---

[1] A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
    (1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction.

imprisonment from 20 to 60 years. That assertion was inconsistent with applicable law.

As a result of the trial court's granting of the motion to correct illegal sentence, a new sentencing hearing was held on January 22, 2021, and O'Neal was resentenced by the trial court and ordered to serve 30 years' imprisonment, with one year to be served at hard labor without the benefit of parole, probation, or suspension of sentence. In response to his most recent sentencing, O'Neal filed a motion to reconsider that sentence on February 10, 2021. That motion was denied by the trial court. The trial court, in its ruling, again stated that the sentencing range for O'Neal was 20 to 60 years' imprisonment and that O'Neal had been sentenced at the lower end of the range.

This court granted a writ filed by O'Neal, treating his application as a motion for out-of-time appeal, and remanded the case to the trial court for perfection of the appeal. The trial court perfected the record on appeal by order filed July 9, 2021. This appeal followed.

## DISCUSSION

O'Neal enumerates several assignments of error, one of which is that the trial court erred in denying his motion to reconsider sentence.[2] In light

---

[2] O'Neal's assignments of error are as follows:
1. The sentence imposed in this case was constitutionally excessive considering the facts and circumstances of the case and the background of Cedric O'Neal.
2. Considering the excessive nature of the sentence in this case the trial court erred in denying the Motion to Reconsider Sentence in this case.
3. The sentence imposed in this case is not the more lenient sentence entitled under *Esteen* and La. R.S. 15:308(B).
4. The trial court was not in compliance with La. C. Cr. P. art. 894.1 and violated the Eighth Amendment to the United States Constitution and Article 1 § 20.
5. The sentence in this case is still constitutionally illegal under La. R.S. 15:529.1(G).

4

of the fact that O'Neal's sentence must be vacated on this assignment of error, we find that the discussion of all other assignments of error is pretermitted.

Our review of the record reflects that the trial court found that O'Neal had been improperly adjudicated as a third felony offender due to a dismissed drug charge from 1993. However, this court determined that he had been properly adjudicated as a third felony offender and that the prior conviction for possession of cocaine could be used to support the habitual offender adjudication in *O'Neal*, *supra*. Additionally, the court minutes referenced by the trial court in support of the second felony offender status were not included in the record. Although the trial court determined that O'Neal should be considered a second-offender, it did not vacate his third-offender adjudication and sentence. The mutually exclusive simultaneous classifications for sentencing enhancement as both a second felony offender and a third felony offender must be conclusively resolved on the record by the trial court, and O'Neal should be subject to the corresponding appropriate sentencing range.

Additionally, in both the ruling granting O'Neal's motion to correct illegal sentence and the ruling denying his motion to reconsider sentence, the trial court stated that in reaching its conclusion, it recognized the sentencing range was 20 to 60 years, and as such, the 30-year sentence was on the low end of the range. That description of and consideration by the trial court of an applicable sentencing range of 20 to 60 years for the crime for which O'Neal was convicted was in error. In 1998, La. R.S. 14:32.1 provided that

---

6. Petitioner should not have been considered a habitual offender due to the change in La. R.S. 15:529.1 in Act 282 of 2017.

5

a person convicted of vehicular homicide shall be imprisoned with or without hard labor for not less than two years, nor more than 15 years, with at least one year to be served without benefits. That sentencing range is without enhancements for habitual offender status. The minimum and maximum sentencing range is enhanced for habitual offenders.

Therefore, if O'Neal is determined to be a second felony habitual offender, his sentencing range will be 7 ½ years to 30 years.[3] If O'Neal is determined to be a third felony habitual offender, his sentencing range will be 10 to 30 years.[4] In either situation, a 30-year sentence is the maximum possible sentence. It appears that the trial court was working under the assumption the 30-year sentence it imposed was at the lower end of the potential range of 20 to 60 years, which was error.

Considering the above, we reverse the trial court's denial of the motion for reconsideration and vacate O'Neal's sentence of 30 years' imprisonment at hard labor, with one year without benefits. We remand this matter to the trial court for resentencing within the applicable sentencing range and resolution of O'Neal's correct classification as a habitual offender. We note that when O'Neal is resentenced the trial court should articulate the considerations taken into account in imposing the sentence as set forth in La. C. Cr. P. art. 894.1 and as stated by the court in *Esteen*, *supra*.

---

[3] The 2001 version of the habitual offender law states that for a second felony offender "the sentence to imprisonment shall be sentenced for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction." La. R.S. 15:529.1(A)(1)(a).

[4] The 2001 version of La. R.S. 15:529.1(A)(1)(b)(i) states that a third felony offender will be sentenced "for a determinate term not less than two-thirds of the longest possible sentence for conviction and not more than twice the longest possible sentence prescribed for a first conviction."

**CONCLUSION**

For the foregoing reasons, we reverse the trial court's denial of Cedric Charles O'Neal's motion to reconsider sentence, vacate his sentence, and remand with instructions consistent with this opinion.

**REVERSED; VACATED; REMANDED.**