NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

23-582

STATE OF LOUISIANA

VERSUS

PATRICK PAUL GEORGE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICAL DISTRICT COURT
PARISH OF LAFAYETTE, NOS. CR 136696 and CR 127278
HONORABLE DAVID MICHAEL SMITH, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

GARY J. ORTEGO
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Gary J. Ortego, and Guy E. Bradberry, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**Hon. Don Landry**
**District Attorney 15th JDC**
**P.O. Box 3306**
**Lafayette, LA 70502**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Holli Herrle-Castillo**
**Louisiana Appellate Project**
**P.O. Box 2333**
**Marrero, LA 70073**
**COUNSEL FOR APPELLANT:**
     **Patrick Paul George**

**ORTEGO, Judge.**

On February 2, 2012, Defendant, Patick Paul George, was convicted of one count of possession with intent to distribute cocaine, in violation of La.R.S. 40:967(A)(1), in trial court docket number 127278. Defendant was found guilty as charged on February 29, 2012. His conviction was affirmed on appeal. *State v. George*, 12-1118 (La.App. 3 Cir. 4/17/13), (unpublished opinion) (2013 WL 1628725), *writ denied*, 13-1180 (La. 11/8/13), 125 So.3d 446. On August 22, 2012, Defendant was charged by bill of information as a habitual offender pursuant to La.R.S. 15:529.1 in trial court docket number 136696. After an habitual offender hearing was held on December 13, 2012, Defendant was adjudicated a third-felony offender and sentenced to life in prison.

On January 9, 2023, Defendant filed a motion to correct an illegal sentence with the trial court. Though the motion was listed under docket number 127278, the Lafayette Parish Clerk of Court's office filed the motion under docket number 136696 because it challenged the legality of Defendant's habitual offender sentence. Defendant argued that as laid out in *State ex rel. Esteen v. State*, 16-949 (La. 1/30/18), 239 So.3d 233, the more lenient penalty provisions enacted by the legislature in 2001 La. Acts No. 403, which the legislature later declared in La.R.S. 15:308(B), should apply retroactively to his habitual offender sentence.

On March 23, 2023, the trial court held a hearing on Defendant's motion to correct an illegal sentence. The State argued that *Esteen* did not apply to Defendant. The trial court agreed that *Esteen* was not applicable to Defendant's case and denied the motion to correct an illegal sentence. The Defendant orally gave notice of his intention to appeal the denial of the motion to correct but did not ask the trial court to set a return date.

On April 3, 2023, Defendant filed a written motion for appeal asking to be granted an appeal of the denial of his motion to correct an illegal sentence in docket number 136696.

On May 24, 2023, a hearing was held regarding the proper avenue for seeking review of the trial court's ruling. Counsel for the Defendant stated that she believed the denial of a motion to correct an illegal sentence was appealable.

On September 13, 2023, this court lodged the appeal in docket number 136696. On October 17, 2023, this court issued a rule to show cause why Defendant's appeal in docket number 136696 should not be dismissed as being taken from a non-appealable judgment. On November 8, 2023, Defendant timely filed a response to the rule to show cause wherein he agrees "the proper procedure to seek review of a ruling on a motion to correct an illegal sentence is via a supervisory writ application."

Louisiana Code of Criminal Procedure Article 912(C)(1) provides the right of judicial review by application to the court of appeal for a writ of review when a judgment is not appealable. As Defendant is seeking review of the trial court's March 23, 2023 denial of his motion to correct an illegal sentence, the proper manner for review of this ruling is a supervisory writ. La.Code Crim.P. art. 912.1(C)(1). Accordingly, we hereby dismiss Defendant's appeal. Defendant may file a supervisory writ within thirty (30) days of the date of this decision. Defendant is not required to file a notice of intent to seek writs nor must he obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4–3. We construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.