Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,559-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CEDRIC CHARLES O'NEAL                       Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 198,597

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Peggy J. Sullivan

CEDRIC CHARLES O'NEAL                    Pro Se

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

TOMMY JAN JOHNSON
ALEXANDRA L. PORUBSKY
Assistant District Attorneys

* * * * *

Before STEPHENS, MARCOTTE, and ELLENDER, JJ.

MARCOTTE, J.

This appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Ramona Emanuel presiding. In 1999, defendant Cedric Charles O'Neal was convicted of vehicular homicide, subsequently adjudicated a third-felony habitual offender, and sentenced to life imprisonment at hard labor without benefits. Following two appeals, his conviction and sentence were affirmed. In 2018, O'Neal sought resentencing under La. R.S. 15:308 and *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So. 3d 233. O'Neal was granted relief, adjudicated a second-felony offender, and resentenced to 30 years at hard labor, with one year to be served without benefits. The trial court did not vacate his third-felony offender adjudication and life sentence. He appealed; his sentence as a second-felony offender was vacated and the case remanded to the trial court for determination of his habitual offender status and for resentencing.

At his resentencing hearing, the trial court orally resentenced O'Neal as a third-felony offender to 30 years at hard labor without the benefits of probation or suspension of sentence and with one year of his sentence to be served without the benefit of parole. The trial court did not vacate his life sentence or his second-felony offender adjudication. Defendant appealed. A few weeks later, the trial court issued a written ruling determining that O'Neal was a second-felony habitual offender and sentenced him to 30 years at hard labor without the benefits of probation or suspension of sentence.

**FACTS AND PROCEDURAL HISTORY**

The following is taken from O'Neal's third appeal, *State v. O'Neal*, 54,581 (La. App. 2 Cir. 6/29/22), 342 So. 3d 433 ("*State v. O'Neal III*"), which states:

> On October 17, 1998, Cedric Charles O'Neal was tailgating outside a football game at the Fairgrounds Stadium in Shreveport, Louisiana. He was drinking alcohol and smoking marijuana before getting into a friend's car to leave the tailgate to get something to eat. While he was driving, the car in front of him stopped to let pedestrians from the game cross Greenwood Road, and O'Neal swerved around the car at a high rate of speed. O'Neal drove into the crowd of pedestrians and clipped Sandra Lewis, knocking her back toward the curb. She survived. O'Neal hit Robin Barrett ("Barrett") with the vehicle head-on, and she was tragically killed as a result. O'Neal was arrested and registered .112% on a Breathalyzer administered at the time, which was above the legal limit. A later blood test revealed a blood alcohol content of .11%, and a urine test also revealed the presence of marijuana in his body.
> …
>
> O'Neal was charged by bill of information on December 14, 1998, with the vehicular homicide of Robin Barrett in violation of La. R.S. 14:32.1. After a jury trial, O'Neal was found guilty and sentenced to life imprisonment at hard labor after being adjudicated as a third-felony offender.

The predicate offenses for his third-felony offender adjudication were discussed in O'Neal's first appeal, *State v. O'Neal*, 34,814 (La. App. 2 Cir. 10/12/01), 795 So. 2d 1292, *writ denied*, 01-3207 (La. 11/1/02), 828 So. 2d 564 ("*State v. O'Neal I*"). They consisted of (1) possession of a Schedule II, cocaine, to which he pled guilty on October 25, 1993; and (2) simple burglary, to which he pled guilty in 1994. In his first appeal, this court affirmed his conviction and his adjudication as a third-felony offender but vacated his sentence and remanded the matter to the trial court for resentencing as a result of constitutional issues raised in that appeal. On remand, he was again sentenced by the trial court to life imprisonment as a

2

third-felony offender, which O'Neal appealed. The life imprisonment sentence was later affirmed by this court in his second appeal, *State v. O'Neal*, 36,431 (La. App. 2 Cir. 10/23/02), 830 So. 2d 408 ("*State v. O'Neal II*").

In 2018, O'Neal filed a motion to correct an illegal sentence, arguing he was entitled to the more lenient sentencing considerations passed by the legislature in 2001 and made retroactive in 2006 with the enactment of La. R.S. 15:308. On August 22, 2019, the trial court granted O'Neal's motion to correct an illegal sentence stating that he should have been adjudicated a second-felony offender, because one of his predicate offenses, possession of a Schedule II, cocaine, was dismissed in 1993. The trial court stated that it attached the minutes showing the dismissal to its ruling. The trial court said that the applicable range for his sentence was 20 to 60 years.

On January 22, 2021, a resentencing hearing was held, where the trial court resentenced O'Neal to 30 years' imprisonment with one year to be served at hard labor without benefits. The trial court did not vacate O'Neal's third-felony offender adjudication and life sentence. O'Neal filed a motion to reconsider sentence which was denied by the trial court. In its written denial, the trial court again gave a sentencing range of 20 to 60 years and said that O'Neal had been sentenced at the lower end of the range. O'Neal appealed his resentencing.

On June 30, 2022, this court rendered its opinion in *State v. O'Neal III*. The opinion stated that this court considered O'Neal's third-felony habitual offender classification in *State v. O'Neal I* and determined that he had been properly classified as a third-felony offender. This court found that his possession of a Schedule II, cocaine offense could be used to support his

habitual offender adjudication. This court noted that the sentencing range of 20 to 60 years the trial court provided was incorrect, and that no copy of the minutes showing a dismissal were attached to the trial court's August 22, 2019, ruling. *State v. O'Neal III, supra*.

This court concluded that the trial court had provided "mutually exclusive simultaneous classifications" for O'Neal's sentencing enhancement, classifying him as both a second-felony and third-felony habitual offender. This court stated, "Although the trial court determined that O'Neal should be considered a second-offender, it did not vacate his third-offender adjudication and sentence." This court said that O'Neal's classification had to be "conclusively resolved" by the trial court and he should be subject to the corresponding appropriate sentencing range. This court specified that if the trial court determined that O'Neal should be classified a second-felony offender, his sentencing range was 7 1/2 years to 30 years. If he was classified a third-felony offender, his sentencing range was 10 years to 30 years. *Id*.

This court reversed the trial court's denial of O'Neal's motion for reconsideration and vacated O'Neal's sentence of 30 years' imprisonment at hard labor, with one year to be served without benefits. This court remanded the case for resolution of O'Neal's classification as a habitual offender and for resentencing within the applicable range. This court did not vacate any habitual offender adjudication in its ruling. *Id*.

On August 18, 2022, O'Neal filed a motion to consider his "Personal History Packet" in resentencing him. O'Neal attached several certificates of rehabilitation and an assessment from the department of corrections stating that he was unlikely to reoffend. He also said that he had not failed any drug

4

screens and had not violated any prison rules while incarcerated. He included letters from family, his pastor, and community members, showing support for him upon his release. He stated that his criminal record showed no violent offenses and that his offenses occurred when he was a teenager.

The state filed a resentencing memorandum in which it provided O'Neal's felony criminal record, which included two counts of possession of a Schedule II, controlled dangerous substance; he pled guilty to one count and the other was dismissed. He also pled guilty to one count of simple burglary. The state referenced O'Neal's first resentencing hearing in which the victim's sister discussed the impact of her sister's death upon their family. The state attached to its memorandum O'Neal's habitual offender bill and the bills of information and copies of the minutes for both of his predicate offenses, which included a 1993 conviction for possession of cocaine in the First Judicial Court Case No. 166,106.

On September 29, 2022, the trial court held a resentencing hearing. The state said that O'Neal was adjudicated a third-felony offender and stated that his sentencing range was 10 to 30 years. The trial court itself did not state what the applicable range was, but said:

> This court has reviewed everything so submitted for today, and at this time this court so dutifully resentences the defendant, petitioner Cedric O'Neal as a third-felony habitual offender, as affirmed, to serve 30 years at hard labor, one year without benefit of probation, parole, or suspension of sentence with credit for time served.

The court also ordered that O'Neal have no contact with the victim's family. O'Neal was informed of his appeal and post-conviction relief time limits. O'Neal objected to the sentence. The court then amended its sentence stating that O'Neal was required to serve the entirety of his

sentence without the benefits of probation or suspension of sentence. The court provided no oral reasons for its ruling at that time

On October 7, 2022, O'Neal filed a motion to reconsider sentence arguing that: (1) the trial court ordered him to serve the maximum sentence when it previously stated that it intended for him to serve a lower range sentence; and (2) the trial court did not consider the provisions of La. C. Cr. P. art. 894.1 in sentencing him. On January 4, 2022, the trial court denied O'Neal's motion to reconsider sentence.

Also on January 4, 2022, the trial court issued written reasons for its sentence stating that: (1) there was an undue risk that during the period of a suspended sentence or probation O'Neal would commit another crime; (2) he was in need of correctional and custodial treatment; and (3) a lesser sentence would deprecate the seriousness of his crime. The court said that it considered what was presented at the sentencing hearing and noted that the impact of the offense on the victim's family was "great." The trial court additionally found that O'Neal's actions created a risk of death or great bodily harm to more than one person, and it noted that alcohol and marijuana were involved in his commission of the crime. The trial court said that it contemplated all of the favorable information submitted by O'Neal, "for which he has been given proper consideration in mitigation." On January 13, 2023, O'Neal filed a notice of appeal, seeking review of the trial court's ruling rendered on January 4, 2023.[1]

On February 2, 2023, the trial court signed an additional ruling which states:

_____

[1] O'Neal initially sought review through a writ application. This court converted his writ to an appeal.

6

> This matter was remanded to this trial court for resentencing after the honorable court of appeal reversed this trial court's denial of Cedric Charles O'Neal's motion to reconsider sentence. The court of appeal also vacated this trial court's sentence.
>
> Upon remand and reconsideration, this court understands that it must first determine whether Mr. O'Neal is a second-felony habitual offender or a third-felony habitual offender.
>
> Based on this court's review of the record, this court so determines that Mr. O'Neal is in fact a second-felony habitual offender. This determination is based on the fact that Mr. O'Neal had one prior felony conviction in 1999. That conviction was for simple burglary. Apparently, there was a dismissal of a cocaine possession charge for Mr. O'Neal by the prosecution on February 4, 1993.
>
> Now this court seeks to correct its sentence given on January 22, 2021.

The trial court then stated that the sentencing range if O'Neal was a second-felony offender was 7 1/2 to 30 years at hard labor without the benefits of probation or suspension of sentence. The trial court provided the same reasons for its sentence as it did in its January 4, 2023, ruling. The court resentenced O'Neal to 30 years at hard labor without benefit of probation or suspension of sentence, with credit for time served. The trial court did not mention how much of O'Neal's sentence he was required to serve without the benefit of parole. The trial court attached to its ruling a dismissal of prosecution for Cedric Charles O'Neal in the First Judicial District Court Case No. 162,751. The dismissal was signed by an assistant district attorney and was filed February 4, 1993. The filing did not state which charge or charges were dismissed.

**DISCUSSION**

*Excessive Sentence*

O'Neal argues that his sentence is excessive and the trial court erred in denying his motion to reconsider sentence. He contends that he was 24 years old when he committed the crime and he has spent his time in prison improving himself. O'Neal states that the trial court did not consider any mitigating factors when it sentenced him and did not reference any of the materials he provided about what he accomplished during his incarceration. He also states that two deputies and a prison counselor testified at his first resentencing hearing that he was a model inmate. He argues that he is far from the worst offender and his offense was not the worst offense. O'Neal seeks to have his sentence vacated and his case remanded for resentencing.

O'Neal filed a pro se brief arguing that the trial court was not compliant with La. R.S. 15:308 and the 2001 legislative changes to criminal sentencing, because La. R.S. 15:308 states that the more lenient penalty provisions "shall" apply. He states that he is not the worst offender and this was not the worst offense. He also argues that the trial court stated at his first resentencing its intent to sentence him at the lower end of the incorrect range it provided, 20 to 60 years. O'Neal claims that the trial court failed to consider any mitigating factors and tailor his sentence to him. O'Neal asks this court to vacate his sentence and remand his case for resentencing.

The state argues that O'Neal should have received the mandatory sentence for his crimes. The state discusses the significant and long-lasting impact that O'Neal's actions had on Robin Barrett's family, referencing her sister's sentencing statement in which she described the grief and depth of loss that she and her parents suffered after Barrett was killed. The state

8

argues that O'Neal's sentence is within the statutory range and is in keeping with the legislature's interest in eradicating the type of crime he committed. The state contends that the legislature has steadily increased the minimum and maximum sentences and the minimum term for parole eligibility for those who commit vehicular homicide. The state asks this court to affirm O'Neal's third-felony adjudication and sentence.

In *State v. O'Neal III*, this court ordered the trial court to determine O'Neal's habitual offender adjudication status and to sentence him accordingly. This court also pointed out that O'Neal's original life sentence was never vacated by the trial court, indicating to the trial court that it would need to do so should it find that he was entitled to a more lenient penalty provision under La. R.S. 15:308. It is clear from the record that O'Neal is a third felony offender, and he should be sentenced under the 2001 amended version of La. R.S. 15:529.1(A)(1)(b)(i). His two predicate felonies, convictions for simple burglary and possession of a Schedule II, cocaine, were appropriately used to adjudicate him a third-felony offender under that provision. This court affirmed that adjudication in *State v. O'Neal I*. O'Neal had a second charge of possession of a Schedule II, cocaine that was dismissed and was not used to adjudicate him a third-felony offender.

Therefore, O'Neal is not a second-felony offender as the trial court determined him to be at his January 22, 2021, resentencing and in its February 2, 2023, ruling. Therefore, we vacate any second-felony habitual offender adjudication and sentence. It is also clear from the record that O'Neal was entitled to resentencing under La. R.S. 15:308 using the more lenient 2001 provision for sentencing third-felony offenders. Therefore, his life sentence as a third-felony offender is an illegal sentence and must be

9

vacated. What remains is his third-felony offender adjudication under the 2001 version of La. R.S. 15:529.1(A)(1)(b)(i) and his sentence of 30 years at hard labor, with one year to be served without the benefit of parole, and the entirety of his sentence to be served without the benefits of probation and suspension of sentence, with credit for time served. We will now examine whether that sentence is excessive.

The law concerning excessive sentences is well-settled; claims are reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance. *Id.*

A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. McKeever*, 55,260 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1156. To constitute an excessive sentence, a reviewing court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock the sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. *State v. Griffin*, 14-1214 (La. 10/14/15), 180 So. 3d 1262; *State v. Efferson*, 52,306 (La. App. 2 Cir. 11/14/18), 259 So. 3d 1153, *writ denied*, 18-2052 (La. 4/15/19), 267 So. 3d 1131. The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest

10

abuse of that discretion. *State v. Griffin, supra*; *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. McKeever, supra.*

The applicable version of La. R.S. 14:32.1 provides that a person guilty of vehicular homicide be imprisoned for not less than 2 years nor more than 15 years with or without hard labor. At least one year of the sentence must be served without benefits.

The applicable version of La. R.S. 15:529.1(A)(1)(b)(i) mandates that a person adjudicated a third-felony offender under that provision be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. Any sentence served under La. R.S. 15:529.1 must be served at hard labor without the benefits of probation or suspension of sentence. Therefore, the applicable sentencing range for O'Neal is 10 to 30 years' imprisonment at hard labor. At least one year of his sentence must be served without the benefit of parole, and the entirety of his sentence must be served without the benefits of probation or suspension of sentence.

The trial court here was very familiar with this case, because the judge presided over O'Neal's trial and sentencing hearings. The record indicates that the trial court thoroughly considered the sentencing factors set forth in Article 894.1, including the relevant mitigating factors. The trial court stated that it reviewed the materials O'Neal filed with the court including his efforts at rehabilitation while imprisoned, his risk assessment score, and letters from his family and community members. The trial court also

11

considered a statement from the victim's sister detailing the effect her sister's untimely death had upon the lives of her family members.

Considering the facts of this tragic case, including the victim's death, the permanent loss suffered by her family, and the risk of death or great bodily harm that defendant created by driving at a high rate of speed while under the influence of alcohol and marijuana, in an area that included many pedestrians, the sentence imposed does not shock the sense of justice. While it is commendable that defendant has taken advantage of the many programs offered during his period of incarceration, that does not erase what he did in abusing alcohol and marijuana, driving recklessly, and killing Robin Barrett.

O'Neal argues that the trial court failed to give him the benefit of the more lenient penalty provision found in La. R.S. 15:308. That statement is untrue. O'Neal was originally sentenced to life imprisonment; the trial court granted him relief under La. R.S. 15:308 and resentenced him to 30 years. Rather than spend the remainder of his life in prison, he now has the opportunity to rejoin society.

O'Neal also complains that the trial court stated its intent to give him a lower range sentence, but instead gave him the maximum sentence. The trial court believed it was giving him a lower range sentence when it thought the range to be 20 to 60 years. The trial court did not abuse its discretion in determining that 30 years was the appropriate penalty for a third-felony offender where the instant offense was vehicular homicide. The trial court has great discretion in sentencing a defendant, including sentencing him to the maximum sentence. We cannot say that the trial court abused its

discretion in rendering its sentence or in denying O'Neal's most recent motion to reconsider. This assignment of error lacks merit.

*Pro Se Assignments of Error*

O'Neal assigns errors arguing that the trial court was not diligent in responding to his motion to correct an illegal sentence. He filed his motion in May 2018, and the trial court did not grant his motion until May 2019, only after he successfully sought an order of mandamus and order to enforce from this court. He also states that he filed a motion to reconsider sentence on February 10, 2021, after his first resentencing. The trial court denied that motion to reconsider stating his sentence was imposed "on the lower end of the range the court had within its discretion." O'Neal implies that this showed bias on the part of the trial court.

O'Neal also takes issue with statements made in the state's resentencing memorandum, which he argues show bias against pro se defendants and appellate courts. O'Neal also complains that the clerk of court for the First Judicial District Court was untimely in lodging the appeal with this court. He says that delay shows personal interest in his case.

The state does not address O'Neal's pro se assignments of error.

Error has been defined as harmless when it is trivial, formal, merely academic, and not prejudicial to the substantial rights of the party assigning it, and where it in no way affects the final outcome of the case. *Gerhardt v. Gerhardt*, 46,463 (La. App. 2 Cir. 5/18/11), 70 So. 3d 863.

Any delays the trial court made in rendering its rulings in this case can be attributed to harmless error. This court has affirmed the trial court's sentence, and any delays by the trial court in no way affect the outcome of this case. As discussed, the trial court showed its clear intent to sentence

13

O'Neal to 30 years. A misstatement of the penalty range does not show bias. We also do not find the state's comments in its resentencing memorandum show prejudice against pro se litigants or appellate courts; the state was solely noting the complex procedural history of this case. We further do not find that the Clerk of Court for the First Judicial District Court showed partiality in the length of time it took to lodge O'Neal's appeal with this court. Compiling appeals can be a lengthy and complicated process, and delays in lodging appeals are routine. These assignments of error lack merit.

*Errors Patent Review*

This record has been examined for errors patent and one was found. The habitual offender statute requires a sentencing court, when imposing a habitual offender sentence, to vacate any sentence already imposed. La. R.S. 15:529.1. The trial court failed to vacate O'Neal's life sentence before resentencing under the more lenient third-felony offender provision found in La. R.S. 15:529.1 and as instructed in *State v. O'Neal III, supra*. That error has been addressed.

## CONCLUSION

For the foregoing reasons, we vacate the trial court's January 22, 2021, ruling adjudicating Cedric Charles O'Neal a second-felony offender, and its February 2, 2023, order finding that he is a second-felony habitual offender and sentencing him to 30 years at hard labor without the benefits of probation or suspension of sentence. We also vacate O'Neal's life sentence at hard labor. We affirm O'Neal's sentence, rendered on September 29, 2022, sentencing him as a third-felony offender to 30 years at hard labor with one year to be served without the benefit of parole and the entirety of

14

his sentence to be served without the benefits of probation or suspension of

sentence, with credit for time served.

**VACATED IN PART, AFFIRMED IN PART.**