709 So.2d 226 (1998)
STATE of Louisiana
v.
Johnny LEE.
No. 97-KA-1035.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1998.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, for Defendant/Appellant.
*227 Paul D. Connick, Jr., District Attorney, Alison Wallis, Assistant District Attorney, Research & Appeals, Gretna, for Plaintiff/Appellee.
Before WICKER, GOTHARD and CANNELLA, JJ.
WICKER, Judge.
Johnny Lee (Lee) was charged by Bill of Information with 10 counts. A jury trial was held on four counts. He was charged with three counts of armed robbery while armed with a dangerous weapon, in violation of La. R.S.14:64, and one count of attempted armed robbery with a dangerous weapon in violation of La.R.S.14:27:64.
The jury found the defendant guilty as charged.
The state subsequently filed a multiple offender bill of information against the defendant seeking to have the defendant adjudicated a quadruple felony offender. On March 12, 1997, the trial judge sentenced the defendant to serve fifty years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, on each of counts one, two and eight, to run consecutive with each other, and to serve twenty-five years imprisonment at hard labor on count seven, to run concurrent with the other counts. On the same date, the defendant denied the allegations contained in the multiple offender bill of information.
The defendant filed a response to the multiple offender bill of information. After the hearing, the trial judge adjudicated the defendant a quadruple felony offender, vacated the original sentence imposed on count one, and sentenced the defendant to serve life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.
The defendant now appeals. We affirm the conviction and sentence.
Lee assigns as errors insufficiency of the evidence to support the convictions and the adjudication as a quadruple offender.
The defendant argues that the state failed to prove that he was armed with a dangerous weapon, and that, therefore, the jury could not have found him guilty as charged. He does not dispute the proof of the remaining elements of the charged offenses. He testified at trial. His testimony established the remaining elements.
As stated in State in Interest of C.D., 95-160 (La.App. 5th Cir. 6/28/95), 658 So.2d 39, 40-41:
The elements of armed robbery are (1) a taking, (2) of anything of value, (3) from the person or in the immediate control of another, (4) by the use of force or intimidation, (5) while armed with a dangerous weapon. La.R.S. 14:64; State v. Cittadino, 628 So.2d 251 (La.App. 5 Cir.1993).
La.R.S.14:64.[1]
Importantly, the court held:
In proving the abovementioned elements, the production of a weapon or other physical evidence is not required as long as the State can establish each element beyond a reasonable doubt through the testimony of its witnesses. Furthermore, we have held the testimony of the victim, as the only eyewitness to the crime, is sufficient to establish the elements of an offense. State v. Cotton, 646 So.2d 1144 (La.App. 5 Cir.1994).
Id. at 41.
The jury heard conflicting testimony regarding whether the defendant was armed with a dangerous weapon. The defendant denied ever having a gun. No gun was ever recovered. Lee admitted he tried to convince one victim into believing he had a gun.
In contrast, the four victims testified the defendant was armed with a gun. One victim stated the defendant placed a metal object against (this victim's) lower ribs. He further testified he saw the handle of the *228 object and it looked like the handle of a revolver.
In State ex rel Graffagnino v. King, 436 So.2d 559, 563 (La.1983) the Louisiana Supreme Court held:
It is the role of the fact-finder to weigh the respective credibilities of the witnesses, and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the Jackson standard of review. See State v. Richardson, 425 So.2d 1228 (La.1983).
Under these circumstances, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crimes of armed robbery and attempted armed robbery[2] beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant also complains that with regard to the multiple bill hearing, the state failed to offer sufficient proof to establish that he was the same person who was arrested and convicted in Orleans Parish District Court case number 356-705. Specifically, the defendant complains that state exhibit number 3, consists of a bill of information lacking the fingerprints of the person who was convicted of the offense of simple burglary. He further complains that state exhibit number 4, the arrest register for the same case, which contains a photograph and fingerprints, does not prove anything more than the fact that the defendant was the same individual who was arrested on a charge of simple burglary. Defense counsel objected at trial to the introduction of the arrest register on the basis that register was only evidence of an arrest and not of a conviction.
The hearing on the multiple bill consisted of the following. Deputy Virgil McKenzie (McKenzie), an expert in the field of comparison and identification of fingerprints, testified he took the defendant's fingerprints on the date of the hearing. That card was marked and identified by him as state exhibit number 2. The fingerprint card was introduced into evidence.
McKenzie was shown state exhibit number 3, which was a certified copy of a conviction by a "Johnny Lee" for simple burglary on November 10, 1992, with the date of the offense being February 7, 1992. This exhibit reflects that in Orleans Parish District Court case number 356-705, an individual by the name of "Johnny Lee" was convicted on November 10, 1992 of simple burglary, in violation of La.R.S. 14:62. The arrest number was 01266493. No fingerprints were on the bill of information in this certified copy of the conviction record.
McKenzie was next shown state exhibit number 4 containing a document entitled, "Arrest RegisterFingerprints Copy." The document reflects that on April 23, 1992, an officer by the name of "D. Mashia" arrested a person by the name of "Johnny Lee" for simple burglary occurring on February 2, 1992. The arrest number was 01266493. The reverse side of this document reflects a set of fingerprints that were taken at the time of "Johnny Lee's" arrest on April 23, 1992.
McKenzie testified he compared the fingerprints on the arrest register to the fingerprint card. He found that both sets of fingerprints were those of the defendant. He admitted he was not the custodian of the arrest register record. He further stated that he had no doubt whatsoever that it was *229 the same Johnny Lee who was in court that date who was convicted of all convictions used in the multiple bill. That opinion was uncontradicted. Defense counsel did not object to McKenzie's stating an opinion identifying Lee as the individual who was convicted of simple burglary based on this evidence, although defense counsel did later object timely to the introduction of the arrest register.
McKenzie explained that the arrest register could be linked to the certified record of the conviction by the arrest number. The arrest number on each document was identical. Additionally, the offense, and the date of the offense in both documents were also identical.
In State v. Simmons, 95-309 (La.App. 5th Cir. 10/18/95) 663 So.2d 790 the arrest register was linked to the record of the conviction through identical identifying information such as the case herein. Thus, in the instant case, the evidence of arrest and the fingerprints on the arrest register were linked to the conviction.
We have also conducted an errors patent review and have found none.
Accordingly, for the reasons stated, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] La.R.S.14:64 provides for the crime of armed robbery as follows:

A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
[2] La.R.S. 14:27 provides in pertinent part:

A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.