MOLAISON, J.
Defendant appeals his sentences, which were imposed by the trial court following remand from the Louisiana Supreme Court. For the reasons that follow, we affirm.
PROCEDURAL HISTORY
This case comes before us for the second time on appeal.
Defendant, John Esteen, was convicted by a jury in the Twenty-Fourth Judicial District Court on October 27, 2000, of two counts of possession of cocaine over 400 grams (Counts 2 and 5), conspiracy to possess cocaine over 400 grams (Count 8), and attempted possession of cocaine over 400 grams (Count 10). On November 3, 2000, the trial judge sentenced defendant to 50 years imprisonment at hard labor on Count 2, 50 years on Count 5, 25 years on Count 8, and 25 years on Count 10. All sentences were ordered to run consecutively, *1066 for a total of 150 years of imprisonment at hard labor. On November 9, 2000, the State filed a habitual offender bill of information, alleging that defendant had pled guilty on April 15, 1992, to possession of cocaine over 400 grams in violation of La. R.S. 40:979 and 40:967(F) in case number 92-083, Division "K," of the United States District Court for the Eastern District of Louisiana. After the hearing on December 11, 2000, the trial judge found defendant to be a habitual offender, vacated the Count 8 sentence of 25 years and sentenced the Defendant to 25 years of imprisonment at hard labor. On appeal, this Court affirmed defendant's convictions and sentences and we remanded the matter to the trial court with an order to send written notice of the prescriptive period for filing an application for post-conviction relief. State v. Esteen , 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, writ denied , 02-1540 (La. 12/13/02), 831 So.2d 983.
Defendant filed a motion to correct illegal sentences in 2016, in which he argued that he was entitled to be sentenced under the more lenient penalty provisions that were enacted by the legislature in 2001 La. Acts 403, which the legislature later declared in La. R.S. 15:308(B)"shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced" in accordance with enumerated provisions, including those pursuant to which relator was sentenced on three counts. The trial court denied defendant's motion on February 2, 2016, and this Court subsequently denied writs. Esteen v. State , 16-158 (La. App. 5 Cir. 4/05/16) (unpublished writ). Thereafter, in State ex rel. Esteen v. State , 16-0949 (La. 1/30/18), 239 So.3d 233, (per curiam), the Louisiana Supreme Court held that because three of defendant's sentences were for terms of imprisonment no longer authorized by law, and the more lenient penalty provision of La. R.S. 15:308(B) applied retroactively, defendant's "remedy is by resentencing in the district court pursuant to his motion to correct illegal sentences." Id. at 238.
Following remand, the trial court resentenced defendant on March 22, 2018. For Counts 2 and 5, defendant was sentenced to 30 years at hard labor for each count, with the sentences to run consecutively. He was given credit for time served pursuant to La. C.Cr.P. 880 from the date of arrest. On Count 10, the trial court sentenced defendant to a 15-year consecutive sentence at hard labor with credit for time served. The 25-year sentence for Count 8, previously imposed for defendant's status as a multiple offender, was further ordered to run consecutively to the sentences for Counts 2, 5 and 10. Defendant objected to the sentences.
On April 18, 2018, defendant filed a motion for reconsideration of sentence. However, defendant also filed a motion for appeal, which was granted on May 2, 2018. At the June 21, 2018 hearing on defendant's motion for reconsideration, the trial court declined to rule on defendant's motion upon finding that it no longer had jurisdiction, in light of defendant's pending appeal. Thereafter, on July 18, 2018, this Court ordered the trial court to rule on defendant's motion for reconsideration of sentence, which was then set for a hearing on August 1, 2018. The trial court denied defendant's motion without reasons on August 1, 2018, and defense counsel noted his objection.[1]
ASSIGNMENTS OF ERROR
Defendant's sole counseled assignment of error on appeal is that his newly imposed *1067 sentences are constitutionally excessive. In his two pro se assignments of error, defendant argues that his new sentence fails to comply with "Act. 403" and that the trial court erred in failing to make the findings required by La. C.Cr.P. art. 883 to run his sentences consecutively.[2]
LAW AND ANALYSIS
The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. State v. Nguyen , 06-969 (La. App. 5 Cir. 4/24/07), 958 So.2d 61, 64, writ denied , 07-1161 (La. 12/7/07), 969 So.2d 628. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. Nguyen , 958 So.2d at 64. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice. State v. Taylor , 06-839 (La. App. 5 Cir. 3/13/07), 956 So.2d 25, 27, writ denied , 06-0859 (La. 6/15/07), 958 So.2d 1179 (citing State v. Lobato , 603 So.2d 739, 751 (La. 1992) ; State v. Pearson , 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 655-56 ).
In defendant's original appeal, we detailed the facts of his underlying convictions. The evidence at trial showed, in summary, that defendant was first identified as a drug trafficker in the local area by the FBI drug squad task force for New Orleans. Through continuing surveillance of defendant, it was learned that he sold large volumes of cocaine, with up to two kilos involved in a single transaction. Defendant also traveled to Houston, Texas for the purpose of purchasing cocaine to distribute. Upon arrest, defendant admitted his role as a cocaine distributor. During defendant's original sentencing, the trial court stated:
Stand up, Mr. Esteen. Mr. Esteen, I remember this trial vividly because it was so short a time ago.
You destroyed your own life and you destroyed many other individuals' lives in the course of what came out in this trial. God knows how many more lives you would have destroyed if you were on the street yet.
I don't see any redeeming factors concerning your involvement in [the] sale of the quantity of drugs I've seen. I've seen four kilos of hard cocaine in this court which is a quantity you don't see very often. I can't have any sympathy for the sentence I am going to impose on you or plight.
Esteen , 821 So.2d at 77. In defendant's first appeal, this Court reiterated the trial court's findings upon affirming defendant's sentences that "the Defendant is a serious drug dealer and failed to present any mitigating circumstances to warrant lesser sentences." Id.
According to La. C.Cr.P. art. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. Nguyen , 958 So.2d at 64. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar *1068 crimes by the same court and other courts. State v. Allen , 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877, 880. However, there is no requirement that specific matters be given any particular weight at sentencing. State v. Tracy , 02-0227 (La. App. 5 Cir. 10/29/02), 831 So.2d 503, 516, writ denied , 02-2900 (La. 4/4/03), 840 So.2d 1213.
For its part, the trial court in this case expressed an understanding of the Louisiana Supreme Court's directive on remand:
THE COURT:
I have been given clear instructions from the Supreme Court that I am ordered to sentence him within the terms of the sentencing range by 15:308B.
...
The Court will note that I was not here for the trial. I am simply performing the task that the Supreme Court has ordered me to do and have chosen to follow the manner in which the previous judge has seen fit to sentence the defendant.[3]
Thereafter, the trial court complied with the Supreme Court's order by imposing sentences that were in accord with the legislature's interest of fairness in sentencing, as declared in La. R.S. 15:308(B), and which also had the effect of ameliorating defendant's circumstances, resulting in a shorter term of incarceration overall.
In the instant appeal, defendant does not argue that his newly imposed sentences are outside of the applicable statutory range. Nor does defendant contest the consecutive nature of his sentences, which were properly imposed in this case pursuant to La. C.Cr.P. art. 883 because the underlying offenses occurred on different dates and at different locations. See, State v. Young , 05-795 (La. App. 5 Cir. 3/14/06), 926 So.2d 652. The focus of defendant's argument regarding the alleged excessiveness of his sentence is on the rehabilitative measures defendant has achieved since being incarcerated, and his assertion that the trial court did not comply with La. C.Cr.P. art. 894.1 when it failed to take into account his achievements in prison while resentencing him.[4]
While the record reflects that defendant orally objected to his sentences and filed a written Motion for Reconsideration *1069 of Sentence, he did not specifically raise the issue of a lack of compliance with La. C.Cr.P. art. 894.1. A motion to reconsider sentence must set forth specific grounds upon which the motion is based. La. C.Cr.P. art. 881.1. The failure to state the specific grounds upon which a motion to reconsider is based precludes a defendant from raising issues relating to statutory errors or deficiencies, such as compliance with C.Cr.P. art. 894.1 and limits a defendant to review of the sentence for constitutional excessiveness only. State v. Hunter , 11-787 (La. App. 5 Cir. 4/24/12), 94 So.3d 797, 800.
Here, defendant received the maximum sentence for each count. In similar cases, both this Court and other Louisiana appellate courts have affirmed maximum sentences. For example, in State v. Furgerson , 34,344 (La. App. 2 Cir. 3/2/01), 781 So.2d 1268, writ denied , 01-1102 (La. 3/22/02), 811 So.2d 921, the defendant was convicted of possession of cocaine in violation of La. R.S. 40:967(F)(1)(b) (in excess of 200 but less than 400 grams) and received the maximum sentence at that time of thirty years at hard labor. The appellate court found no abuse of the trial court's sentencing discretion in light of the defendant's history, felonious past, crime of conviction, and the harm done to society. Likewise, in State v. James , 13-666 (La. App. 5 Cir. 2/12/14), 136 So.3d 113, the defendant was convicted of possession of cocaine in an amount in excess of 200 grams but less than 400 grams and was sentenced to the maximum sentence at that time of thirty years at hard labor. This Court, citing Furgerson , found that the trial court did not err in sentencing the defendant, noting that the defendant had prior drug convictions, that he did not abide by home incarceration rules, and that the State did not file a multiple bill.
In the instant case, as noted above, the evidence admitted at trial indicates that defendant was a major drug dealer. The offenses involved large amounts of cocaine being distributed during separate incidents between two states involving various individuals. At the original sentencing hearing, the trial judge spoke of how defendant had destroyed the lives of numerous individuals and that the large amount of cocaine involved was not something he commonly saw. The multiple bill reflects that defendant had a prior federal drug conviction in 1992. Past records of drug offenses weigh heavily in the decision to uphold the imposition of maximum sentences. State v. Jones , 33,111 (La. App. 2 Cir. 3/1/00), 754 So.2d 392, writ denied , 00-1467 (La. 2/2/01), 783 So.2d 385.
In light of the foregoing, we cannot say that defendant's sentences are constitutionally excessive. The record shows that the trial court complied with the Louisiana Supreme Court's order and imposed sentences that were within the statutory sentencing ranges in accordance with the more lenient penalty provision of La. R.S. 15:308(B). This assignment is without merit.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). We found no errors which require correction.
DECREE
Accordingly, for the foregoing reasons, defendant's sentences are affirmed.
AFFIRMED

The official record was supplemented with the August 1, 2018 transcript and minute entry.

The assignments are discussed together because they are related.

In his concurrence in State ex rel. Esteen v. State , 239 So.3d at 243, Justice Crichton recognized "the logistical challenges this opinion may pose." To that point, in cases where re-sentencing is an issue, it is inevitable that situations will arise where the judge who imposed the original sentence will not be the same judge who re-sentences a defendant. In that circumstance, the resentencing judge may find himself or herself in a position where the only information before it on remand is a cold record. However, in similar circumstances, Louisiana courts have found it permissible for the re-sentencing judge to adopt the reasons set forth by the original trial court. For example, in State v. Neville , 572 So.2d 1161 (La.App. 1 Cir.1990), writ denied , 576 So.2d 46 (La.1991), after a federal habeas court found that the defendant's state court convictions for both armed robbery and attempted first-degree murder violated double jeopardy, the State dismissed the robbery count and the defendant was re-sentenced by a trial judge who "was not the original sentencing judge and that he had never seen defendant before." Id. at 1165. The trial court increased defendant's sentence from the original sentence of 20 years to a new sentence of 34 years and, on appeal, the defendant claimed the new trial judge was acting vindictively. In affirming the newly imposed sentence and finding no vindictiveness on the part of the resentencing judge, the First Circuit took into the re-sentencing judge's statement on the record that "it was his intent to impose a sentence which would be consistent with the original sentencing judge's intent." Id.

At the resentencing hearing, defense counsel introduced Exhibit 1, which was referred to as "mitigation" material about defendant for the court to consider. The exhibit contains information about defendant's previous military service, letters of recommendation, certificates of achievement, and landscaping and horticulture licensure.