STATE OF LOUISIANA

VERSUS

JOHNNY LEE

NO. 22-KA-230

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 96-1666, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

March 01, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.

**AFFIRMED**
   **JJM**
   **SMC**
   **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA

Honorable Paul D. Connick, Jr.
Thomas J. Butler
Darren A. Allemand
Jennifer C. Voss

COUNSEL FOR DEFENDANT/APPELLANT,
JOHNNY LEE

Gwendolyn K. Brown

**MOLAISON, J.**

The defendant/appellant, Johnny Lee, appeals his sentence as a fourth felony offender, which was imposed when he was resentenced pursuant to the ruling in *State ex rel. Esteen v. State*, 16-949 (La. 1/30/18), 239 So.3d 233. For the following reasons, we affirm the defendant's sentence.

## FACTS AND PROCEDURAL HISTORY

On March 18, 1996, the Jefferson Parish District Attorney filed a bill of information alleging that the defendant, Johnny Lee, committed ten different counts of armed robbery, first degree robbery, or attempted armed robbery. The State proceeded to trial on counts one, two, seven, and eight and entered a *nolle prosequi* on the remaining charges. In the bill of information, the State alleged that on November 24, 1995, the defendant committed armed robbery upon Westley Jacomino (count one); on November 24, 1995, the defendant committed armed robbery upon Valerie Jacomino (count two); on November 28, 1995, the defendant committed armed robbery upon Rachel Burrough (count seven); and on November 28, 1995, the defendant committed armed robbery upon Wilbert Langlois (count eight). All of the counts were in violation of La. R.S. 14:64.

On February 3, 1997, counts one and two were amended to reflect that the crimes were allegedly committed on November 28, 1995, count seven was amended to charge defendant with attempted armed robbery in violation of La. R.S. 14:27 and La. R.S. 14:64, and count eight was amended to reflect that the crime was allegedly committed on November 29, 1995. The jury found the defendant guilty as charged on February 4, 1997. On February 13, 1997, the State filed a multiple offender bill of information alleging the defendant to be a fourth-felony offender. On March 12, 1997, the defendant denied the allegations in the multiple bill and he was sentenced to serve fifty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on each of counts

one, two, and eight, and twenty-five years imprisonment at hard labor on count seven. The sentences on counts one, two, and eight were ordered to be served consecutive to each other and the sentence on count seven was ordered to be served concurrently to the sentences on the other counts. At the multiple bill hearing held on August 13, 1997, the trial judge found the defendant to be a fourth-felony offender. The original sentence imposed on count one was vacated, and the defendant was resentenced under the multiple bill statute to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On September 15, 1997, the trial judge denied the defendant's motion to reconsider his enhanced sentence. In *State v. Lee*, 97-1035 (La. App. 5 Cir. 2/11/98), 709 So.2d 226, this Court affirmed the convictions and sentences. In that appeal, the defendant argued that the evidence was insufficient to support his convictions because the State failed to prove he was armed with a dangerous weapon. In finding no merit to that argument, this Court noted that the "four victims testified the defendant was armed with a gun." *Id.* at 227. This Court also found no merit to the defendant's argument that the State failed to prove he had been convicted of one of the predicate offenses. *Id.* at 228. The defendant did not appeal the imposition of consecutive sentences.

On February 6, 2020, the trial court granted the defendant's *pro se* "Motion to Correct Illegal Sentence." At the resentencing hearing held on October 27, 2021, the trial court vacated the original enhanced sentence on count one and resentenced the defendant under the multiple offender statute to ninety-nine years imprisonment without the benefit of parole, probation, or suspension of sentence. The consecutive sentences were maintained with the sentence on count one to run consecutive to the sentences on count two (fifty years) and count eight (fifty years) and concurrent to the sentence on count seven (twenty-five years). Following a hearing on March 18, 2022, the defendant's motion for reconsideration was denied.

This timely appeal, in which the defendant challenges the October 27, 2021 resentencing, followed.

## LAW AND DISCUSSION

On appeal, the defendant argues that the trial court erred by ordering the sentence on count one to be served consecutively to the sentences imposed on counts two and eight which resulted in an excessive sentence. The defendant argues that the trial court's failure to properly exercise its sentencing function when the court "mechanically imposed a sentence that it considered to be the 'same' as the one previously imposed" resulted in an excessive sentence. The defendant contends that the trial court abdicated its duty to consider the individual person before it, pointing out that he took every opportunity available to him in prison to improve himself and his circumstances.

The defendant further argues that the law requires a court that deviates from the ordinary practice of imposing concurrent sentences for conduct arising out of a single course of conduct to state for the record its considerations of the factors which provide a legitimate basis for such a deviation. He contends that the trial court in the instant case did not articulate any such factors and interjected its personal feelings into the proceedings such that it based its sentencing decisions on its personal prejudices and its misconceptions regarding its role rather than the evidence and a proper exercise of its discretion. For these reasons, the defendant asks this Court to vacate the sentence on count one and remand for resentencing.

The State responds that the trial court did not err in maintaining the previous judge's imposition of consecutive sentences for counts one, two, and eight. It further responds that the defendant's sentences and their consecutive nature became final long ago after the conclusion of the defendant's first appeal and that the time to challenge the consecutive nature of the sentences was in the first appeal. The State contends that the only issue in the defendant's instant "*Esteen*

resentencing" was the term of the defendant's sentence as a fourth-felony offender on count one. The State argues that the trial court performed its duty to resentence the defendant to a legal term on count one under *Esteen*, La. R.S. 15:308, and Act 403, pointing out that the trial court resentenced the defendant to the minimum term for armed robbery as a fourth-felony offender - ninety-nine years imprisonment without parole. The State contends that the defendant did not ask the trial court to depart below the mandatory minimum sentence under *State v. Dorthey*, 623 So.2d 1276 (La. 1993).

In the "Motion to Correct Illegal Sentence" filed on January 2, 2020, the defendant argued that his life sentence should be vacated and that he should be resentenced to the more lenient provisions of La. R.S. 15:308 relative to Act. No. 403, Section 2, of the 2001 Regular Session of the Legislature and the Louisiana Supreme Court's decision in *State ex rel. Esteen v. State*, 16-949 (La. 1/30/18), 239 So.3d 233. The State filed a response and agreed that the defendant was entitled to be resentenced in accordance with the ameliorative penalty changes in Act No. 403 of 2001 such that he should be resentenced to not less than ninety-nine years imprisonment without parole and not more than life imprisonment as a fourth-felony offender.

On October 27, 2021, at the resentencing hearing, defense counsel stated that the current sentencing range in the multiple offender statute was ninety-nine years to life. He asked the trial court to sentence the defendant to ninety-nine years to run concurrently with his other sentences. Defense counsel offered into evidence Defendant's Exhibit 1, *in globo*, which he said was a chronicle of the defendant's life over the past twenty-six years at Angola, explaining that this exhibit included many documents pertaining to the defendant's participation in numerous programs during his imprisonment. Defense counsel stressed that the defendant had benefitted from self-help and self-improvement programs and that

he had bettered himself and other young men by mentoring them. Defense counsel argued that the defendant was not the same man who was originally sentenced in 1997, noting that in the past year, he had suffered a massive stroke and posed no danger to society at this time.

The prosecutor commended the defendant on his accomplishments but argued that *Esteen* had a very narrow holding, namely, that it only related to the term of the sentence on count one and not on the consecutive or concurrent nature of the sentences. The prosecutor concluded by asking the trial court to impose a legal sentence.

After hearing arguments of counsel, the trial judge stated:

> I know that you keep saying the new Johnny Lee, but I'm being asked to re-sentence and correct a sentence on something that happened in 1995. I was not the sitting Judge, I don't know the facts of the case, but I guarantee if the State had called the four other victims in this case, they would have a different view of Mr. Lee.
> …
> So I understand that I take into light Mr. Lee's actions over the last 20 years plus. But I also take into light his actions and why we're here today. And because of that, the sentence has been vacated on Count One, which was a life sentence. The Court will sentence him to 99-years on Count One, but I will not run it concurrent, I will run consecutive. And I will note your objection on that. It will be run consecutive to two counts two and eight. And concurrent to Count Seven as was originally stated. That will be concurrent with 50 years on Count Two and Eight. The 99 will be run consecutive to that. Concurrent to Count Seven. That is to be served without benefit of probation, parole, or suspension of sentence.

At the March 18, 2022 hearing on the defendant's motion to reconsider sentence, defense counsel again reiterated the numerous accomplishments of the defendant while incarcerated at Angola and urged the trial court to order the ninety-nine-year sentence to run concurrently with his other sentences. The prosecutor responded that these arguments were made at the original sentencing hearing and based on the seriousness of the offenses, any other sentence would deprecate the seriousness of the crimes. Defense counsel responded that the defendant had recently had a stroke, was almost sixty years old, and he was not

minimizing the impact of the armed robberies, rather, he was asking the trial court to consider the defendant as he is now.

After hearing arguments of counsel, the trial court denied the motion to reconsider sentence, stating:

> … I know that the man is before me, it's not the same man that was on trial, but I'm being asked to re-sentence based upon the convictions of the four victims that testified as to how he terrorized and traumatized them. Closest anyone comes to dying is when someone pulls an arm - - a weapon or a dangerous weapon on them and takes property from. So I'm going to note your objection, but I'm not going to hold my sentence. I'm not going to reconsider it.

In the instant case, the resentencing was based on *Esteen*. In *Esteen*, *supra*, the defendant was found guilty of two counts of possession of cocaine over 400 grams, conspiracy to possess cocaine over 400 grams, and attempted possession of cocaine over 400 grams. He was sentenced to consecutive terms of imprisonment at hard labor totaling 150 years, and his convictions and sentences were affirmed on appeal. In 2016, Mr. Esteen filed a motion to correct illegal sentences seeking the benefit of the more lenient penalty provisions that were enacted by the legislature in 2001 La. Acts 403 (effective June 15, 2001), which the legislature later declared in La. R.S. 15:308(B) (effective May 16, 2006) "shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced" in accordance with enumerated provisions, including those pursuant to which Mr. Esteen was sentenced. The trial court denied the motion and this Court denied writs, relying on *State v. Dick*, 06-2223 (La. 1/26/07), 951 So.2d 124. *Esteen*, 16-949, 239 So.3d at 235.

The Supreme Court granted relief in *Esteen*, abrogating *Dick* and remanded for resentencing on three counts "pursuant to the more lenient penalty provisions that were enacted by the legislature in 2001 La. Acts 403, which the legislature later declared in La. R.S. 15:308(B) apply retroactively under the circumstances

enumerated in that section." *See Esteen*, 16-949, 239 So.3d at 237-38. The trial court subsequently resentenced Mr. Esteen.

Mr. Esteen appealed, arguing that the newly imposed sentences were constitutionally excessive. *State v. Esteen*, 18-392 (La. App. 5 Cir. 12/19/18), 262 So.3d 1064, 1066-67, *writ denied*, 19-214 (La. 4/22/19), 268 So.3d 300. This Court noted that Mr. Esteen did not argue that his newly imposed sentences were outside of the applicable statutory range. This Court stated that although the defendant did not contest the consecutive nature of his sentences, those consecutive sentences were properly imposed pursuant to La. C.Cr.P. art. 883 because the underlying offenses occurred on different dates and at different locations. This Court found that the focus of the defendant's argument was on the rehabilitative measures the defendant had achieved since being incarcerated and his assertion that the trial court did not comply with La. C.Cr.P. art. 894.1 when it failed to take into account his achievements in prison while resentencing him.

This Court found that due to his failure to raise the issue of lack of compliance with La. C.Cr.P. Article 894.1 in his Motion for Reconsideration of Sentence, his sentence could only be reviewed for constitutional excessiveness. *Esteen*, 18-392, 262 So.3d 1064. Although Mr. Esteen had received the maximum sentence for each count, this Court did not find the sentences constitutionally excessive in light of the defendant's background and the circumstances of the case, noting that the trial court complied with the Louisiana Supreme Court's order and imposed sentences that were within the statutory sentencing ranges in accordance with the more lenient penalty provision of La. R.S. 15:308(B).

La. R.S. 15:308 provides in pertinent part:

A. (1) The legislature hereby declares that the provisions of Act No. 403 of the 2001 Regular Session of the Legislature provided for more lenient penalty provisions for certain enumerated crimes and that these penalty provisions were to be applied prospectively.

(2) The legislature hereby further declares that Act No. 45 of the 2002 First Extraordinary Session of the Legislature revised errors in penalty provisions for certain statutes which were amended by Act No. 403 of the 2001 Regular Session of the Legislature and that these revisions were to be applied retroactively to June 15, 2001, and applied to any crime committed subject to such revised penalties on and after such date.

B. In the interest of fairness in sentencing, the legislature hereby further declares that the more lenient penalty provisions provided for in Act No. 403 of the 2001 Regular Session of the Legislature and Act No. 45 of the 2002 First Extraordinary Session of the Legislature shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced according to the following provisions: … R.S. 15:529.1(A)(1)(c)(ii) … prior to June 15, 2001, provided that such application ameliorates the person's circumstances.

In the instant case, Mr. Lee was convicted of three counts of armed robbery and one count of attempted armed robbery on February 4, 1997. On February 13, 1997, the State filed a multiple bill alleging the defendant to be a fourth-felony offender. The predicates for the multiple bill were as follows: 1) the defendant pled guilty on November 4, 1988, to theft over $500 in violation of La. R.S. 14:67 in case number 329-528 in Orleans Parish Criminal District Court; 2) the defendant pled guilty on November 10, 1992, to simple burglary in violation of La. R.S. 14:62 in case number 356-705 in the Orleans Parish Criminal District Court; and 3) the defendant pled guilty on October 19, 1994, to possession of cocaine in violation of La. R.S. 40:967 in case number 94-3923 in 24th Judicial District Court. At the hearing on the multiple bill held on August 13, 1997, the trial judge found the defendant to be a fourth-felony offender. The original sentence imposed on count one was vacated, and the defendant was resentenced under the multiple bill statute to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.

At the resentencing hearing held on October 27, 2021, the trial court vacated the original enhanced life sentence on count one and resentenced the defendant under the multiple offender statute to imprisonment at hard labor for ninety-nine

years without the benefit of parole, probation, or suspension of sentence. The trial court maintained that the enhanced sentence on count one run consecutive to the sentences on count two (fifty years) and count eight (fifty years) and concurrent to the sentence on count seven (twenty-five years).

Our courts have consistently held that in sentencing a defendant, the penalty provisions that apply are those that existed on the date of the offense. *State v. Sugasti*, 01-3407 (La. 6/21/02), 820 So.2d 518, 522; *State v. Parker*, 03-924 (La. 4/14/04), 871 So.2d 317, 327. The defendant committed the underlying crime of armed robbery in count one on November 28, 1995. At that time, La. R.S. 15:529.1 provided in pertinent part:

> c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
>
>> (i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or
>>
>> (ii) If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

In 2001, Act No. 403 was passed which reduced the penalties for many crimes, including certain sentences under the multiple offender statute, La. R.S. 15:529.1. In 2001, La. R.S. 15:529.1 was amended to provide in pertinent part as follows:

> (c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:

(i)  The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or

(ii)  If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

Under La. R.S. 15:529.1(A)(1)(c)(ii) in 1995, the defendant was properly sentenced to life imprisonment as a fourth-felony offender; however, in 2001, after the amendment, the defendant's underlying and predicate crimes no longer subjected him to a mandatory life sentence.  Under La. R.S. 15:529.1(A)(1)(c)(i) in 1995, defendant's sentence as a fourth-felony offender with his predicate convictions would have been for a determinate term not less than the longest prescribed for a first conviction, which would have been ninety-nine years, the maximum sentence for armed robbery, and not more than his natural life.  *See* La. R.S. 14:64.  On October 27, 2021, the trial court resentenced defendant to imprisonment for ninety-nine years, the minimum sentence under the statute.

In this appeal, the defendant does not contend that the ninety-nine-year enhanced sentence that he received on resentencing is excessive; rather, he argues that his sentences together are excessive because the trial judge imposed consecutive sentences.  This is the same argument that he made during the resentencing hearing and during the hearing on his Motion for Reconsideration of Sentence.

The only issue before the trial court when resentencing the defendant on October 27, 2021, was the term of the defendant's sentence as a fourth felony offender on count one; no other sentences were before the trial court. The trial court performed its duty to resentence the defendant to a legal term on count one under *Esteen*, La. R.S. 15:308, and Act 403 of 2001. The trial court resentenced defendant to ninety-nine years imprisonment without parole, which is the minimum term for armed robbery as a fourth felony offender. Our review of the record, including the record from the defendant's first appeal, indicates that on resentencing, the trial judge maintained the consecutive nature of the sentence on count one.

The defendant correctly points out that at the resentencing hearing the trial judge stated that he was not familiar with the facts of this case. However, because the sentence imposed for the defendant's habitual offender adjudication is prescribed by statute, the trial court did not have to discuss factors supporting the sentence imposed. *State v. Dukes*, 46,029 (La. App. 2 Cir. 1/26/11), 57 So.3d 489, 496, *writ denied*, 11-443 (La. 3/2/12), 83 So.3d 1033. Thus, the defendant's arguments that the trial court failed to properly exercise its sentencing function when the court "mechanically imposed a sentence that it considered to be the 'same' as the one previously imposed" and that the trial court abdicated its duty to consider the individual person before it, are without merit.[1]

The defendant argues that the law requires a court that deviates from the ordinary practice of imposing concurrent sentences for conduct arising out of a single course of conduct to state for the record its considerations of the factors which provide a legitimate basis for such a deviation. The defendant contends that

---

[1] We are not aware of any authority for allowing a defendant who is resentenced pursuant to *Esteen* to receive a sentence that is a downward departure from the more lenient provisions enacted in 2001, based on rehabilitation efforts and achievements while incarcerated. *State v. Mathis*, 18-678 (La. App. 5 Cir. 4/3/19), 268 So.3d 1160, 1166, *writ denied*, 19-00731 (La. 11/5/19), 281 So.3d 677.

the trial court in the instant case did not articulate any such factors and interjected its personal feelings into the proceedings such that it based its sentencing decisions on personal prejudices and its misconceptions regarding its role rather than the evidence and a proper exercise of its discretion.

The defendant's claim that his crimes arose from a "single course of conduct" is not accurate. The defendant committed three completely separate and distinct acts in three locations over the course of two days. On November 29, 1995, he attempted to rob Ms. Rachel Burrough outside of her parents' home; later than night, he committed armed robbery of Mr. Westley Jacomino and Mrs. Valerie Jacomino in the parking lot of Outback Steakhouse. The next day, the defendant committed armed robbery of Mr. Wilbert Langlois outside of his home. Thus, the defendant's argument that there is no basis for the consecutive sentences is without merit.[2]

We now address the defendant's argument that the consecutive sentence is excessive. The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. *Id.* A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *State v. Lawson*, 04-334 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 622, *writ denied*, 05-244 (La. 12/9/05), 916 So.2d 1048.

---

[2] This Court has suggested that in resentencing pursuant to *Esteen*, it is proper for the resentencing judge, who very often is not the same judge who presided over the defendant's trial, to defer to the judge who presided over the defendant's trial as to a proper sentence. *Esteen*, 262 So.3d at 1064 n.3.

A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. *State v. Dorsey*, 07-67 (La. App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. *State v. Pearson*, 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. *Id.*

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C.Cr.P. art. 883. Thus, La. C.Cr.P. art. 883 specifically excludes from its scope sentences which the court expressly directs to be served consecutively. A trial judge retains discretion to impose consecutive penalties based on the offender's past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community. *State v. Thomas*, 98-1144 (La. 10/9/98), 719 So.2d 49.

In *State v. Robinson*, 11-66 (La. App. 4 Cir. 12/7/11), 81 So.3d 90, 99-100, *writ denied*, 12-88 (La. 4/20/12), 85 So.3d 1270, the Court rejected the defendant's argument that the consecutive maximum sentences the trial court imposed on him were excessive. The Court noted that the trial court expressly found that the incidents were separate, distinct, individual crimes committed on different victims at different locations, and therefore, no basis for imposing concurrent sentences existed. The Court noted that both victims testified that they were traumatized by the events and that the defendant pointed the handgun at the victims' heads

throughout the robberies. The Court pointed out that the jurisprudence was replete with cases in which appellate courts had affirmed the imposition of the maximum sentence of 198 years on a habitual offender for armed robbery, citing *State v. Hawthorne*, 00-1258 (La. App. 4 Cir. 11/8/00), 772 So.2d 924, and *State v. Freeman*, 00-238 (La. App. 3 Cir. 10/11/00), 770 So.2d 482, 491, *writ denied*, 00-3101 (La. 10/5/01), 798 So.2d 963.

In *State v. Page*, 02-689 (La. App. 5 Cir. 1/28/03), 837 So.2d 165, 180, *writ denied*, 03-951 (La. 11/7/03), 857 So.2d 517, the defendant was convicted of ten counts of armed robbery and one count of second-degree kidnapping. He was sentenced to consecutive and concurrent sentences that totaled 881 years. On appeal, the defendant argued, *inter alia*, that the consecutive nature of his sentence was excessive. This Court rejected this argument finding that the defendant's convictions resulted from four separate courses of conduct that occurred on four separate days. This Court noted that the victims were placed in grave danger, that they could easily have been killed, and that they were emotionally harmed as a result of the robberies.

In *State v. Kennedy*, 93-776 (La. App. 5 Cir. 1/25/94), 631 So.2d 1195, 1203, the defendant was convicted of six counts of armed robbery and two counts of attempted armed robbery. The eight counts arose out of four separate incidents, and the defendant was sentenced to fifty years imprisonment on each of the six counts of armed robbery to run consecutively and to twenty-five years imprisonment on each count of attempted armed robbery to run consecutively, for a total of 350 years. This Court concluded that the sentences were not excessive, noting that the victims were placed in grave danger and could have been killed.

In *State v. Alexander*, 98-993 (La. App. 5 Cir. 3/10/99), 734 So.2d 43, 47, *writ denied*, 99-2138 (La. 12/10/99), 751 So.2d 250, the defendant was convicted of five counts of armed robbery and was sentenced to serve fifty years on each

count to run consecutively. This Court concluded that the defendant's sentence was not excessive, noting the defendant's criminal history. This Court also noted that the victims were frightened for their lives during the armed robberies.

In *State v. Boudreaux*, 00-1467 (La. App. 3 Cir. 4/4/01), 782 So.2d 1194, 1202-03, *writ denied*, 01-1369 (La. 3/28/02), 812 So.2d 645, the Third Circuit found that the trial court acted within its discretion in imposing maximum sentences and in imposing them consecutively for the defendant's convictions of aggravated burglary, armed robbery, and first degree robbery. The appellate court found that considering the defendant's criminal history, the violence inherent in the offenses, and the threat to society presented by him, consecutive sentences were within the trial court's discretion. Also, the appellate court noted that three of the four offenses for which the defendant was convicted were separate offenses involving separate victims and occurred at separate times and locations.

Based on the foregoing, in the instant case, the trial court did not err by imposing consecutive sentences that totaled 199 years. The State charged the defendant in a ten-count bill of information with the armed robbery, the first degree armed robbery, or the attempted armed robbery of ten victims. The State proceeded to trial on four of those counts and entered a *nolle prosequi* on the remainder of them. The defendant was convicted of three counts of armed robbery and one count of attempted armed robbery that involved four different victims at three locations over a two-day period. Ms. Burrough testified that the defendant held a gun to the back of her head while pursuing her to the door of her parent's home. Mr. and Mrs. Jacomino testified that the defendant held a gun to Mr. Jacomino's side while he took Mr. Jacomino's wallet and then went inside of the car where Mrs. Jacomino was sitting to take her purse. Mr. Langlois testified that as he was removing items from his car in his driveway, the defendant walked up and held a gun in his face while demanding his wallet. These victims were placed

in grave danger and could easily have been killed.  Considering the defendant's criminal history, the violence inherent in the offenses, and the jurisprudence set forth above, the consecutive sentence imposed in this case is not excessive.

**CONCLUSION**

For the foregoing reasons, we affirm the defendant's habitual offender sentence of ninety-nine years imprisonment to be served without the benefit of probation, parole, or suspension of sentence.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 1, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-KA-230

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)        THOMAS J. BUTLER (APPELLEE)        GWENDOLYN K. BROWN (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
JENNIFER C. VOSS (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053